

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

BELL CANYON ASSOCIATION, INC., a
nonprofit California corporation,

               Plaintiff-Appellant,

    v.

IRONSHORE SPECIALTY INSURANCE
COMPANY,

               Defendant-Appellee.

No.   22-55734

D.C. No.
2:22-cv-02608-MCS-AFM

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Mark C. Scarsi, District Judge, Presiding

Submitted October 2, 2023[**]
San Francisco, California

Before:  W. FLETCHER, CALLAHAN, and LEE, Circuit Judges.

    Plaintiff-Appellant Bell Canyon Association (BCA) settled a prior coverage

dispute with its insurer, Defendant-Appellee Ironshore Specialty Insurance.  In the

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

settlement agreement, Ironshore agreed to pay BCA $700,000 of its $1,000,000 policy limit in exchange for a release of liability. The parties negotiated a carveout to the release: BCA could pursue a contract claim against Ironshore to recover the remaining $300,000 of its policy limit "in the event that" BCA's excess insurer "declines coverage . . . solely on the basis that the Excess Policy is not triggered because the [Ironshore] Policy is not exhausted."

The excess insurer declined coverage for multiple reasons, and BCA sued Ironshore for breach of contract and declaratory relief. The district court dismissed the complaint without leave to amend, finding that the plain language of the settlement agreement precluded BCA's suit. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo the district court's interpretation of the language of a contract, determination of whether a contract is ambiguous, and grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Int'l Bhd. of Teamsters v. NASA Servs., Inc.*, 957 F.3d 1038, 1041 (9th Cir. 2020); *Mudpie, Inc. v. Travelers Cas. Ins. Co. of Am.*, 15 F.4th 885, 889 (9th Cir. 2021). Our review includes all materials incorporated into the complaint by reference and evidence subject to judicial notice. *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 989 (9th Cir. 2009).

2

We also review de novo "the principles of law applied to facts adduced from extrinsic evidence." *Int'l Bhd. of Teamsters*, 957 F.3d at 1041. "When a district court makes factual findings derived from extrinsic evidence used to interpret a contract, we review for clear error." *Id.* We review the district court's decision to deny leave to amend for abuse of discretion. *Rich v. Shrader*, 823 F.3d 1205, 1208 (9th Cir. 2016).

The choice-of-law provision in the settlement agreement requires the application of California contract law. *See Ashker v. Newsom*, 968 F.3d 939, 944 (9th Cir. 2020) (settlement agreements are contracts under California law). The goal of California contract law is "to give effect to the mutual intention of the parties as it existed at the time of contracting." Cal. Civ. Code § 1636. "When a contract is reduced to writing, the intention of the parties is to be ascertained from the writing alone, if possible . . . ." *Id.* § 1639.

The plain language of the settlement agreement precludes BCA from reopening the coverage dispute in these circumstances. The word "solely" "is defined as 'to the exclusion of all else' and 'singly.' Synonyms include 'exclusively' and 'only.'" *Rallo v. O'Brian*, 52 Cal. App. 5th 997, 1011 n.12 (2020). In the settlement agreement, "solely" modifies the phrase "on the basis," which modifies the verb "declines." Consequently, the settlement agreement says

3

that BCA could reopen the dispute with Ironshore in the event that the excess insurer denied coverage and lack of exhaustion was the sole, exclusive, or single basis for the denial. Because the excess insurer denied coverage for multiple reasons, the settlement agreement precludes BCA's suit.

BCA's attempts to introduce a latent ambiguity with extrinsic evidence are unsuccessful. BCA insists that it understood the settlement agreement to mean that BCA could sue Ironshore solely if the excess insurer denied coverage based on lack of exhaustion, even if that was not the sole basis for the denial. This interpretation requires rewriting the agreement so that "solely" modifies the phrase "in the event that" instead of "on the basis." Because the contractual language is not "reasonably susceptible" to the interpretation urged by BCA, "the case is over." *Dore v. Arnold Worldwide, Inc.*, 39 Cal. 4th 384, 393 (2006) (quotation marks omitted).

Even if credited, the extrinsic evidence does not support BCA's interpretation. The fact that the word "solely" was omitted from the initial proposal of settlement terms indicates that the parties deliberately included the word in the final agreement. And BCA did not object when Ironshore proposed using the word "solely" in the same manner as in the final agreement. The evidence suggests, at most, that BCA subjectively intended to negotiate a broader

4

carveout to the liability release. But BCA's "uncommunicated subjective intent as to the meaning of the words of the contract" cannot override the express language of the settlement agreement. *Winet v. Price*, 4 Cal. App. 4th 1159, 1167 (1992). The district court preliminarily considered the extrinsic evidence and reached the same conclusion.

We are not convinced by BCA's argument that the plain language of the settlement agreement leads to an absurd result. The purpose of the agreement was to resolve the coverage dispute, so it makes sense that the parties narrowly drafted the carveout. *See* Cal. Civ. Code § 1641 ("The whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the other.").

Dismissal without leave to amend is proper when, upon de novo review, it is clear "that the complaint could not be saved by any amendment." *Thinket Ink Info. Res. Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004). That is the case here. Accordingly, the district court did not abuse its discretion in denying leave to amend.

**AFFIRMED.**